IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEFFREY LYNN WESTPHAL,   §
          §
   Petitioner,     §
          §
V.             §
          §    No. 3:14-cv-3337-P-BN
WILLIAM STEPHENS, Director  §
Texas Department of Criminal Justice,  §
Correctional Institution Division,   §
          §
   Respondent.    §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jeffrey Lynn Westphal, a Texas prisoner proceeding *pro se*, has filed

an application for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons

explained below, his petition should be denied as barred by limitations. The Court also

should deny Westphal's motions to stay and for leave to file a second amended habeas

petition.

**Background**

On December 5, 2002, Westphal pleaded guilty to aggravated robbery, and he

was placed on ten years' deferred adjudication probation. *See State v. Westphal*,

F02-55335-T (283rd Jud. Dist. Ct. of Dallas Cnty., Tex.). On September 15, 2004,

Westphal again appeared before the state court, charged with possession of a controlled

substance (cocaine). *See* Dkt. No. 10-10 (adjudication hearing tr.) at 125-46; *State v.*

*Westphal*, F04-53678-T (283rd Jud. Dist. Ct. of Dallas Cnty., Tex.). He pleaded guilty

to the drug charge, for which he was sentenced to fives years' incarceration. *See* Dkt. No. 10-10 at 131-32. The State then moved to proceed with adjudication as to the aggravated robbery conviction, and Westphal was sentenced to fifty years' incarceration. *See id.* at 132-45.

Westphal did not file a direct appeal. But, in 2011, he filed a state habeas application as to the aggravated robbery conviction, which the Texas Court of Criminal Appeals (the "TCCA") denied without a written order on June 27, 2012. *See Ex parte Westphal*, WR-77,392-02 (Tex. Crim. App. June 27, 2012).

## Legal Standards

Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam) (in which the United States Court of Appeals for the Fifth Circuit affirmed the district court's denial of equitable tolling because movant "was not misled about his cause of action or prevented in an extraordinary way from asserting his rights" but, instead, failed to mail his Section 2255 motion to the correct court within the limitation period, an error the court of appeals characterized as "a 'garden variety' claim of excusable neglect, which is insufficient to justify application of the doctrine of equitable tolling" (quoting *Irwin*, 498 U.S. at 96)).

The Supreme Court has determined, further, that the AEDPA statute of

limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329).

Stay

Since the enactment of AEDPA, federal courts have recognized a limited stay-and-abeyance doctrine in Section 2254 cases, applicable to claims that a petitioner failed to exhaust in state court:

> Federal district courts may not adjudicate mixed petitions for habeas corpus containing both unexhausted and exhausted claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). For many years, federal courts dismissed such petitions without prejudice under *Rose*, but the introduction of the one-year statute of limitations under AEDPA made such dismissals effectively final. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). Because the filing of a federal habeas petition does not toll the statute of limitations, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), a petitioner returning to state court to pursue unexhausted claims contained in a mixed petition is unlikely to be able to do so and return to federal court before the statute of limitations runs. *See Rhines*, 544 U.S. at 275.

*United States ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1042-43 (N.D. Ill. 2008).

"When a petitioner brings an unexhausted claim in federal court, stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no

indication that the failure was for purposes of delay." *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (citing *Rhines*, 544 U.S. at 277-78). But, "[b]ecause a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'" *Id.* (quoting *Rhines*, 544 U.S. at 277); *see also Rhines*, 544 U.S. at 277 ("[E]ven if a petitioner had good cause for [the] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."))).

Leave to Amend

Generally, the Federal Rules of Civil Procedure – specifically, Federal Rule of Civil Procedure 15 – apply to Section 2254 proceedings. *See* RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS RULE 11; *Buchanan v. Johnson*, 182 F.3d 915, 1999 WL 423084, at *1 (5th Cir. June 3, 1999) (per curiam); *Sixta v. Quarterman*, Civ. A. No. H-07-0118, 2007 WL 2746951, at *2 (S.D. Tex. Sept. 19, 2007). "[T]he grant of leave to amend the pleadings pursuant to [Federal Rule of Civil Procure 15(a)] is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). And Rule 15(a)(2) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). But granting leave to amend "'is by no means automatic.'" *Wimm v. Jack Eckerd Corp.*,

3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). "Thus, under Rule 15, this court must grant petitioner's motion to amend 'unless there is a substantial reason to deny leave to amend.'" *Sixta*, 2007 WL 2746951, at *2 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). "'Futility of amendment' is one such reason," and "an amendment is futile when 'a [petition], as amended, would be subject to dismissal.'" *Id.* (respectively quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DeLoach v. Woodley*, 405 F.2d 496, 496-97 (5th Cir. 1968) ("The liberal amendment rules of [Rule] 15(a) do not require that courts indulge in futile gestures.")) (brackets in original).

## Analysis

As to the aggravated robbery conviction, Westphal pleaded guilty, and the state court ordered deferred adjudication, in 2002, but Westphal was not convicted and sentenced until 2004, when the State moved to proceed with adjudication. Where this occurs, "[t]wo distinct limitations periods ... apply for the filing of habeas petitions. One limitations period applies to claims relating to the deferred adjudication order, and another limitations period applies to claims relating to the adjudication of guilt." *Frey v. Stephens*, 616 F. App'x 704, 707 (5th Cir. 2015) (citing *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 526-30 (5th Cir. 2005)); *see also Caldwell*, 429 F.3d at 530 ("Because an order of deferred adjudication community supervision is a final judgment within the plain meaning of AEDPA section 2244, the one-year statute of limitations, for challenging substantive issues of [an order] of deferred adjudication, [begins] to run when the order deferring adjudication [becomes]

final."); *Tharpe*, 628 F.3d at 724 (holding that "a habeas claim that challenges a *deferred-adjudication order* and another habeas claim that challenges a *conviction and sentence* involve two different 'judgments' for AEDPA purposes" and "in dealing with two entirely separate and distinct judgments – one a deferred-adjudication order and the other a judgment of conviction and sentence – [federal courts] are dealing with two separate and distinct limitation periods under the AEDPA" (distinguishing *Burton v. Stewart*, 549 U.S. 147 (2007); emphasis in original)).

As to the aggravated robbery conviction, because Westphal appealed neither the deferred adjudication order nor that conviction and sentence, the deferred adjudication order, executed on December 5, 2002, became final for limitations purposes 30 days thereafter – on Monday, January 5, 2003 – and the conviction and sentence, imposed on September 15, 2004, also became final for limitations purposes 30 days later – on October 15, 2004. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a). As to the drug conviction, putting aside the issue of exhaustion of state court remedies, to the extent that Westphal is also challenging this conviction, which he also did not challenge on direct appeal, it too became final for limitations purposes on October 15, 2004. And, because Westphal did not file his state habeas application until 2011, that application did not toll AEDPA's limitations period. *See, e.g.*, *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))). Thus, the current Section 2254 application is due to be denied as untimely

absent tolling of the limitations period.

Westphal contends that the limitations periods should be tolled because of his schizophrenia and because he claims that he is actually innocent. The latter is also why Westphal has moved to stay this federal action to allow him to return to state court – to exhaust his claim of actual innocence.

But, because Westphal does not claim that he is factually innocent, his actual innocence claim neither provides a basis to toll the limitations period nor requires that the Court stay this action to allow him to return to state court to exhaust that claim. First, although a true actual innocence claim is not itself an independent ground for federal habeas corpus relief, *see McQuiggin*, 133 S. Ct. at 1931 (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014) (collecting cases), and even assuming that the actual innocence gateway is open to petitioners – like Westphal – who plead guilty, the actual innocence claim that Westphal sets out in his proposed second amended petition [Dkt. No. 19-1] is merely a legal – not a factual – innocence claim:

> In taking the errors presented herein under a cumulative review, without the illegal Miranda waiver, the subsequent unlawful confession and "show-up" identification there is absolutely no evidence in the record that would establish a conviction and the conviction in this case was only obtained by blatant violations of Petitioner's constitutional rights. Therefore, Petitioner is actually innocent of the charge of aggravated robbery and the judgment in this case is a representation of a total miscarriage of justice.

*Id.* at 10-11 (citations omitted). Not only does Westphal fail to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional

error," *McQuiggin*, 133 S. Ct. at 1936 (citation and internal quotation marks omitted),

Westphal does not argue that he did not commit the crime but, rather, only that a

constitutional violation requires reversal, *see Johnson v. Hargett*, 978 F.2d 855, 859-60

(5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence'

means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise

whenever a constitutional violation by itself requires reversal, whereas 'actual'

innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that

the person did not commit the crime." (footnotes omitted; emphasis in original)); *see*

*also Becerra v. Stephens*, Civ. A. No. H-13-2832, 2014 WL 6982239, at *5 (S.D. Tex.

Dec. 8, 2014) ("Because Becerra has not come forth with 'evidence of innocence so

strong that a court cannot have confidence in the outcome of the trial,' his actual

innocence allegations do not provide an 'actual innocence' exception to the limitations

bar." (quoting *Pleasant v. Hays Cnty. Cmty. Supervision & Corrs. Dep't*, No. A-12-CA-

1071-SS, 2013 WL 4788631, at *3 (W.D. Tex. Sept. 9, 2013) (the "actual innocence"

gateway to  consideration of otherwise time-barred claims must be based on factual

innocence as opposed to legal insufficiency))).

   For the same reasons, the actual innocence claim that Westphal seeks to

exhaust is also "plainly meritless" – therefore, even if the Court was to find good cause

for Westphal's failure to exhaust this claim, the Court "would abuse its discretion if it

were to grant him a stay." *Rhines*, 544 U.S. at 277; *cf.* 28 U.S.C. § 2254(b)(2) ("An

application for a writ of habeas corpus may be denied on the merits, notwithstanding

the failure of the applicant to exhaust the remedies available in the courts of the

State."). It further appears that, while this case was pending, Westphal filed another state application for habeas corpus, raising a claim of actual innocence, which the TCCA has dismissed because Westphal's claim is procedurally barred. *See* Dkt. No. 19-1 at 2 (citing *Ex parte Westphal*, WR-77,392-03 (Tex. Crim. App. July 1, 2015)); *see also Barrientes v. Johnson*, 221 F.3d 741, 758 n.9 & 759 n.10 (5th Cir. 2000) (under Texas law codifying the judicially created abuse-of-the-writ doctrine, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State). The Court, accordingly, should deny Westphal's motion to stay [Dkt. No. 14].

Turning to Westphal's argument that his schizophrenia justifies equitable tolling of the limitations period,

> [t]he Fifth Circuit has recognized that mental incompetency may support equitable tolling of the AEDPA limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). However, "merely claiming mental incompetency does not automatically entitle the [p]etitioner to equitable tolling." *Guerra v. Thaler*, No. 3:09-cv-2272-P, 2010 WL 5071614, at *2 (N.D. Tex. Oct. 25, 2010) (citing *Smith v. Johnson*, 247 F.3d 240 (table), 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001)), *rec. adopted*, 2010 WL 5071608 (N.D. Tex. Dec. 10, 2010). A petitioner must "'sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights'" in a timely manner. *Guerra*, 2010 WL 5071614, at *2 (quoting *Smith v. Johnson*, 2001 WL 43520, at *3); *see also Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) ("Smith also makes purely conclusory allegations regarding his mental illness. Although he states he has been diagnosed with 'severe psychotic and/or schizophrenia [sic] tendencies,' he nowhere explains how this prevented him from pursuing his legal rights.").

*Guyton v. Thaler*, No. 3:12-cv-4555-B-BN, 2013 WL 1130290, at *2 (N.D. Tex. Feb. 26,

2013), *rec. adopted*, 2013 WL 1131248 (N.D. Tex. Mar. 19, 2013).

Westphal argues that his "recognized mental disability has rendered him incapable of meeting [AEDPA's] limitations period" because, "[d]ue to [his] mental illness he has been unable to research and draft the proper documents to seek relief in the state and federal courts." Dkt. No. 14 at 2. He asserts that "he has been through intense treatment to stabilize him and is currently compliant with his mental health treatment" and that he "has suffered with this recognized disability since the age of fifteen." Dkt. No. 18 at 2. And he further asserts that he "is a mentally disabled prisoner that sufferes [sic] from a mental illness that seriously hinders his ability to cognitively function as a normal person." Dkt. No. 19-1 at 2.

But Westphal's claim is conclusory; he has not provided the Court with evidence that his mental disability interfered with his ability to file a federal writ in a timely manner. That is, he has not shown that there is a "causal connection between [his] mental illness and his failure to file a timely federal habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 & n.34 (5th Cir. 2013) (per curiam) (citing *Riva v. Ficco*, 615 F.3d 35, 40 (1st Cir. 2010) ("There must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief."); *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) ("[A] habeas petitioner must demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so."); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely

habeas petition."); *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (same); *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled.")); *see also Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (fact that petitioner was hospitalized 13 times during one-year limitations period, standing alone, was insufficient to merit equitable tolling); *Jones v. Thaler*, No. 3:10-cv-2100-P-BD, 2011 WL 444860, at *2-*3 (N.D. Tex. Jan.19, 2011) (same as to schizoaffective disorder resulting in hallucinations), *rec. adopted*, 2011 WL 419200 (N.D. Tex. Feb.7, 2011); *Guerra*, 2010 WL 5071614, at *2 (petitioner not entitled to equitable tolling where he failed to meet his burden of establishing the degree and duration of his mental impairment).

Having failed to establish a right to equitable tolling, then, Westphal's Section 2254 is barred by limitations. And this also requires that the Court deny him leave to file a second amended petition. *See, e.g.*, *Sixta*, 2007 WL 2746951, at *2 (because the petition, as amended, would still be subject to dismissal on limitations grounds, "amendment is futile").

## Recommendation

The Court should deny the Section 2254 application as barred by the applicable statute of limitations and should deny the motion to stay [Dkt. No. 14] and the motion for leave to file a second amended habeas petition [Dkt. No. 19].

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 18, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE